JUDGE CASTEL

14 CV 6233

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deidre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**LEE LITIGATION GROUP, PLLC**
C.K. Lee
Anne Seelig
30 East 39th Street, Second Floor
New York, NY 10016
Telephone: (212) 465-1180

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz, *pro hac vice* motion forthcoming
Susan H. Stern, *pro hac vice* motion forthcoming
1515 S. Federal Hwy, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888

RECEIVED
AUG 06 2014
U.S.D.C. S.D. N.Y.
CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

STEVEN LONG, DYLAN RANDALL, and ERIC
VAUGHN, on behalf of themselves and all others
similarly situated,

              **Plaintiffs,**

   -against-

HSBC USA INC. and HSBC BANK USA, N.A.,

            **Defendants.**

No. _____

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiffs Steven Long, Dylan Randall, and Eric Vaughn, individually and on behalf of all

others similarly situated, by their attorneys, Outten & Golden LLP, Fitapelli & Schaffer, LLP,

Lee Litigation Group, PLLC, and Shavitz Law Group, P.A., upon personal knowledge as to

themselves and upon information and belief as to other matters, allege as follows:

**<u>NATURE OF THE ACTION</u>**

      1.     This lawsuit seeks to recover overtime compensation for Plaintiffs and their

similarly situated co-workers who have been employed by HSBC USA Inc. and HSBC Bank

USA, N.A. (collectively "HSBC" or "Defendants") in the United States.

      2.     Plaintiffs and others similarly situated worked for HSBC as Retail Mortgage

Consultants, Premium Mortgage Consultants, Premier Mortgage Consultants, or in similar

positions, however variously titled, at its branch locations or central loan offices nationwide (collectively, "Loan Officers").

3.      The primary duty of the Loan Officers is sales.

4.      Loan Officers originate mortgages, and have annual targets that they are required to meet based on volume of sales.

5.      Loan Officers meet with customers regularly to sell mortgage loan products, are integrated with HSBC retail branches and obtain referrals from the branches.

6.      Loan Officers use an automated computer system to determine customers' loan eligibility.

7.      Loan Officers are subject to the same job descriptions and perform the same primary duties regardless of location.

8.      Loan Officers are compensated on a monthly draw plus commissions.  They earned commissions based on sales volume.

9.      In order to meet productivity requirements, Loan Officers regularly work in excess of 40 hours per week.

10.     HSBC did not compensate Loan Officers for the hours that they work in excess of 40 each week.

11.     HSBC also deducted uncollected loan application fees from Loan Officers' compensation.

12.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former Loan Officers nationwide who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived

Plaintiffs and others similarly situated of their lawfully earned wages.

13.     Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### *Plaintiffs*

#### *Steven Long*

14.     Steven Long ("Long") is an adult individual who is a resident of Buffalo, NY.

15.     Long was employed by Defendants in New York as a Loan Officer from approximately October 2005 to February 2011.

16.     Long is a covered employee within the meaning of the FLSA and NYLL.

#### *Dylan Randall*

17.     Dylan Randall ("Randall") is an adult individual who is a resident of North Tonawanda, NY.

18.     Randall was employed by Defendants in New York as a Loan Officer from approximately January 2006 to January 2011.

19.     Plaintiff Randall is a covered employee within the meaning of the FLSA and NYLL.

#### *Eric Vaughn*

20.     Eric Vaughn ("Vaughn") is an adult individual who is a resident of West Seneca, NY.

21.    Vaughn was employed by Defendants in New York as a Loan Officer from approximately April 2008 to February 2011.

22.    Vaughn is a covered employee within the meaning of the FLSA and NYLL.

**_Defendants_**

23.    HSBC USA Inc. and HSBC Bank USA, N.A. jointly employed Plaintiffs and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

### *HSBC USA Inc.*

24.    HSBC USA Inc. is a foreign business corporation, organized and existing under the laws of Maryland with its corporate headquarters in New York, New York.

25.    HSBC USA Inc. is an indirectly-held, wholly owned subsidiary of HSBC North America Holdings Inc.

26.    Throughout the relevant period, HSBC USA Inc. employed Plaintiffs and similarly situated employees within the meaning of the FLSA and the NYLL.

27.    HSBC USA Inc. has been a covered employer within the meaning of the FLSA and the NYLL at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

28.    At all times relevant, HSBC USA Inc. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

29.    HSBC USA Inc. applies the same employment policies, practices, and procedures to all Loan Officers.

30.    At all times relevant, HSBC USA Inc.'s annual gross volume of sales made or

4

business done was not less than $500,000.

**HSBC Bank USA, N.A.**

31.     HSBC Bank USA, N.A. is a foreign business corporation, organized and existing under the laws of Maryland with its corporate headquarters in New York, New York.

32.     HSBC Bank USA, N.A. is the principal subsidiary of HSBC USA Inc.

33.     Throughout the relevant period, HSBC Bank USA, N.A. employed Plaintiffs and similarly situated employees within the meaning of the FLSA and the NYLL.

34.     HSBC Bank USA, N.A. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

35.     At all times relevant, HSBC Bank USA, N.A. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

36.     HSBC Bank USA, N.A. applies the same employment policies, practices, and procedures to all Loan Officers.

37.     At all times relevant, HSBC Bank USA, N.A.'s annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

38.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

39.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

40.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

41.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

42.     Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as Loan Officers at any location in the United States, on or after December 12, 2010, who elect to opt-in to this action (the "FLSA Collective").

43.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

44.     Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.     failing to pay Plaintiffs and the members of the FLSA Collective, overtime wages for hours that they worked in excess of 40 hours per workweek;

    b.     misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c.     failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

45.     Defendants are aware or should have been aware that federal law requires them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

46.     Plaintiffs and the members of the FLSA Collective all perform or performed the

6

same primary duty.

47.    Pursuant to a pre-suit tolling agreement, the statutes of limitations for Plaintiffs and all members of the FLSA Collective were tolled as of December 12, 2013.

## CLASS ACTION ALLEGATIONS

### The New York Class

48.    The New York Plaintiffs bring the Second and Third Causes of Action, NYLL claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all Loan Officers, who work or have worked at any branch location in New York State between December 12, 2007 and the date of final judgment in this matter (the "New York Class").

49.    Excluded from the New York Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

50.    The members of the New York Class are so numerous that joinder of all members is impracticable.

51.    Upon information and belief, the size of the New York Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

52.    Defendants have acted or have refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

53.    Common questions of law and fact exist as to the New York Class that predominate

over any questions only affecting them individually and include, but are not limited to, the following:

    a.    whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    b.    whether Defendants failed to compensate New York Plaintiffs and the New York Class for hours worked in excess of 40 hours per workweek;

    c.    whether Defendants misclassified Plaintiffs and members of the New York Class;

    d.    whether Defendants failed to keep true and accurate time and pay records for all hours worked by New York Plaintiffs and the New York Class, and other records required by the NYLL;

    e.    whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    f.    the nature and extent of class-wide injury and the measure of damages for those injuries.

54.    The claims of the New York Plaintiffs are typical of the claims of the New York Class they seek to represent. The New York Plaintiffs and all members of the New York Class work, or have worked, for Defendants as Loan Officers in New York state. The New York Plaintiffs and members of the New York Class, enjoy the same statutory rights under the NYLL to be paid overtime wages. The New York Plaintiffs and members of the New York Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The New York Plaintiffs and the members of the New York Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

55.    The New York Plaintiffs will fairly and adequately represent and protect the interests of the members of the New York Class. The New York Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. The New York Plaintiffs recognize that as class representatives, they must

represent and consider the interests of the class just as they would represent and consider their own interests.  The New York Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the class.  The New York Plaintiffs recognize that any resolution of a class action must be in the best interest of the class.  The New York Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. The New York Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the New York Plaintiffs and the New York Class members.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

57.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

58.     Pursuant to a pre-suit tolling agreement, the statutes of limitations for Plaintiffs and all members of the New York Class were tolled as of December 12, 2013.

## COMMON FACTUAL ALLEGATIONS

59.     Throughout their employment with Defendants Plaintiffs and the members of the FLSA Collective and the New York Class (collectively "Class Members") consistently worked more than 40 hours per week.

60.     Class Members' work projects were assigned to them by their superiors.

61.     Defendants were aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendants failed to pay Plaintiffs any overtime compensation for any of the hours worked over 40 in a workweek.

62.     Defendants did not keep accurate records of hours worked by Plaintiffs or the Class Members.

63.     Plaintiffs' and Class Members' sales activities took place at local retail branches or at various central loan offices.

64.     Loan Officers had regular weekly hours at their assigned branches, and scheduled appointments and met with customers there.

65.     Plaintiffs' and the Class Members' primary duties were non-exempt duties including:

    a.      calling or meeting customers to solicit the sale of mortgage products;

    b.      using an automated computer system to determine customers' loan eligibility; and

    c.      soliciting new customers.

66.     Plaintiffs' and the Class Members' primary duty was not directly related to Defendants' or Defendants' customers' management or general business operations.

67.     Plaintiffs' primary duty did not include the exercise of discretion and independent judgment regarding matters of significance.  In that regard, Plaintiffs:

a.     were not involved in planning Defendants' or Defendants' customers' long or short term business objectives;

b.     could not formulate, affect, implement or interpret Defendants' or Defendants' customers' management policies or operating practices;

c.     did not carry out major assignments that affected Defendants' or Defendants' customers' business operations;

d.     did not have authority to commit Defendants or Defendants' customers in matters that have significant financial impact; and

e.     could not waive or deviate from Defendants' or Defendants' customers' established policies or procedures without prior approval.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

68.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

69.     Defendants have engaged in a pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

70.     At all relevant times, Plaintiffs and the Class Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

72.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

73.     At all times relevant, Plaintiffs and the Class Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

11

74.    Defendants have failed to pay Plaintiffs and the Class Members the overtime wages to which they were entitled under the FLSA.

75.    Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

76.    Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the Class Members.

77.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the Class Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

79.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on behalf of the New York Plaintiffs and the New York Class)

80.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81.    Defendants engaged in a pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

82.    At all times relevant, the New York Plaintiffs and the New York Class members have been employees and Defendants have been their employer within the meaning of the

NYLL.

83.     The New York Plaintiffs and the New York Class members are covered by the

NYLL.

84.     Defendants employed the New York Plaintiffs and the New York Class members

as an employer.

85.     Defendants have failed to pay the New York Plaintiffs and the members of the

New York Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et*

*seq*., and the supporting New York State Department of Labor Regulations.

86.     Defendants failed to pay the New York Plaintiffs and members of the New York

Class overtime at a wage rate of one and one-half times their regular rate of pay.

87.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records

of time worked by the New York Plaintiffs and members of the New York Class.

88.     Defendants' violations of the NYLL, as described in this Class and Collective

Action Complaint, have been willful and intentional.

89.     Due to Defendants' violations of the NYLL, the New York Plaintiffs and the

members of the New York Class are entitled to recover from Defendants unpaid overtime,

reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL

Article 6 § 198, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions
### (Brought on behalf of the New York Plaintiffs and the New York Class)

90.     The New York Plaintiffs reallege and incorporate by reference all allegations in

all preceding paragraphs.

91.     NYLL Article 6, § 193 states that "No employer shall make any deductions from

the wages of an employee" except for certain qualified deductions.

92.     Defendants willfully violated NYLL Article 6, § 193, by deducting uncollected loan application fees from Loan Officers' compensation for loans that did not ultimately close.

93.     The deductions made from the wages of Plaintiffs and the members of the Rule 23 Class were not authorized or required by law.

94.     The deductions made from the wages of Plaintiffs and the members of the Rule 23 Class were not expressly authorized in writing by Plaintiffs and the members of the Rule 23 Class, and were not for the benefit of Plaintiffs and the members of the Rule 23 Class.

95.     Through their knowing or intentional efforts to permit unauthorized deductions from the wages of Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

96.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages

14

pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the state law claims;

D.      Compensation for unlawfully deducted compensation as provided for by NYLL Article 6, § 193;

E.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.      Designation of each named Plaintiff as Class Representative as to their respective classes, and counsel of record as Class Counsel;

G.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under appropriate state law;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York
       August 6, 2014

Respectfully submitted,

Justin M. Swartz
**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**LEE LITIGATION GROUP, PLLC**
C.K. Lee
Anne Seelig
30 East 39th Street, Second Floor
New York, NY 10016
Telephone: (212) 465-1180

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz, *pro hac vice* motion forthcoming
Susan H. Stern, *pro hac vice* motion forthcoming
1515 S. Federal Hwy, Suite 404
Boca Raton, FL 33432
Telephone:  (561) 447-8888

*Attorneys for Plaintiffs and
the Class and Collective*