IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN LONG, DYLAN RANDALL, ERIC VAUGHN, and CHARLES YOO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>HSBC USA INC. and HSBC BANK USA, N.A.,<br><br>Defendants. | No. 14 Civ. 6233 (HBP) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/16

So ordered.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF SERVICE PAYMENTS

The above-entitled matter came before the Court on Plaintiffs' Motions for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement; Approval of Attorneys' Fees and Reimbursement of Expenses; and Approval of Service Payments ("Final Approval Motions"). Defendants agreed not to oppose the Final Approval Motions.

1. Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, the Declaration of Justin Swartz ("Swartz Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motions, the Court grants final approval of the parties' Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Decl. as Exhibit A, and "so orders" all of its terms, which are hereby incorporated herein (including the $6,982,000.00 Settlement Amount memorialized

therein). Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. For settlement purposes, the Court certifies the New York Class and California Class pursuant to Federal Rule of Civil Procedure ("FRCP") 23(e) ("FRCP 23 Class").

3. The FRCP 23 Class meets all of the requirements for class certification under FRCP 23(a) and (b)(3).

4. Outten & Golden LLP ("O&G"), Fitapelli & Schaffer, LLP, Shavitz Law Group, P.A., and Lee Litigation Group PLLC, which the Court previously appointed as Class Counsel, satisfy the adequacy requirements of FRCP 23(g).

5. The Court approves the Fair Labor Standards Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes. The settlement also complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The settlement has been subject to this Court's judicial review and approval, and it does not contain any of the types of provisions that the Second Circuit found objectionable in *Cheeks*, such as overly restrictive confidentiality provisions, overbroad releases, or excessive attorneys' fees. *See id.* at 206-07.

6. The Court approves the settlement and all terms set forth in the Settlement Agreement with the exception of section 3.2 governing attorneys' fees. ~~The Court reserves decision on the amount of attorneys' fees to be awarded.~~ [Counsel's application for fees is addressed in an opinion and order of even date. HBP] In all other respects, the Court finds that the settlement is fair, adequate, reasonable, and binding on all members of the FRCP 23 Class who have not timely and properly opted out pursuant to Paragraph 4.1 of the Settlement Agreement.

7. The Court finds reasonable the Service Awards for the Plaintiffs in the amount of

2

$10,000 each for Representative Plaintiffs Steven Long, Dylan Randall, and Eric Vaughn; and $7,500 each to Representative Plaintiff Charles Yoo and Early Opt-In Plaintiffs Ross Bowman, Lou Ann Burgio, Anthony Monetti, Cynthia Nostro, and Kevin Petho. These amounts shall be paid from the settlement fund.

8. The Court approves Settlement Services, Inc. as the Settlement Claims Administrator.

9. If no party appeals this Order, the "Effective Date" of the settlement will be the day after the deadline for taking an appeal has passed.

10. If an individual or party appeals this Order, the "Effective Date" of the settlement will be the day after all appeals are finally resolved in favor of final approval.

11. The Settlement Claims Administrator will calculate individual Class Member awards based upon Class Counsel's requested attorneys' fees of $2,327,333.33 and requested costs of $19,136.00, and disburse settlement checks to Class Members within three days of the "Effective Date."

12. In the event the Court awards Class Counsel less than the full amount requested in attorneys' fees and costs, the Claims Administrator shall calculate the additional amount owed to each Class Member on a pro rata basis and make an additional disbursement of checks to Class Members within thirty (30) days of the Court's order regarding attorneys' fees.

13. Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. All FRCP 23 Class Members who did not opt out and Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

14. The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

15. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _13_ day of _Sept._, 2016.

_____Henry Pitman_____
Hon. Henry Pitman, United States Magistrate Judge

16. The Clerk of the Court is respectfully requested to mark Docket Items 37 and 39 closed.

4